# ESTATE OF AMBROSE WHITE, DECEASED.

## APPEAL BY T. H. CRAIGE FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

### Argued April 9, 1890—Decided May 26, 1890.

(*a*) A testator provided: "The residue . . . . . if any, of the said one un-
divided seventh . . . . . devised, in trust, for my said daughter A. M. H.,
to grant to my children J. F., P. A., A. H., R. P., M. P. and E. C. and the
children and grandchildren of my deceased daughter M. N., equally,
. . . . . and the issue of any of my said children who may then be
dead : "

1. In such case, A. M. H. was not included in the words " said children ; "
and her issue, at the time of her death, other than those of her children
to whom definite bequests were made therefrom, were not entitled to
participate in the distribution of the said one seventh of the residue of
the testator's estate in the hands of the trustee.

Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM
and MITCHELL, JJ.

No. 271 January Term 1890, Sup. Ct.; court below, number
and term not given.

On November 8, 1888, the account of the Philadelphia
Trust, Safe Deposit and Insurance Co., trustee under the will
of Ambrose White, deceased, was called for audit before
HANNA, P. J., when it was shown :

Ambrose White died in December, 1873, leaving a will
dated November 23, 1871, duly admitted to probate, wherein,
by item 7, he devised to the accountant one seventh of the
residue of his estate, in trust to pay the income to his daugh-
ter Ann M. Holmes, during her life, and after her death to
pay $2,000 to her son George W. Holmes, and to hold the
sum of $5,000 in trust for Mrs. Holmes's daughter, Mrs. Har-
riett A. Jamison, during her life, and after her death to pay
over the same to her said daughter's children,—

" And the residue, after paying and setting apart the said
sums of two thousand dollars ($2,000) and five thousand dol-
lars ($5,000), respectively, if any, of the said one undivided

seventh part of the residue of my estate given and devised, in trust, for my said daughter Ann M. Holmes, to grant, convey, pay over, assign and transfer to my children John F., Peter A., Alexander Henry, Rebecca P., Mary P., and Elizabeth C., and the children and grandchildren of my deceased daughter Maria Neff, equally, share and share alike, as tenants in common, and not as joint tenants, and the issue of any of my said children who may then be dead, leaving lawful issue, such issue, however, and the children and grandchildren of my said deceased daughter Maria Neff, to take the same share only that their respective parents would have done if then living, in the same manner, upon the same trusts, and with the same limitations and conditions as I have directed with regard to the shares of my estate herein given and devised to them or for their benefit, immediately upon my own death."

Mrs. Harriett A. Jamison died April 30, 1887, leaving issue B. K. Jamison, Jr., and W. S. Jamison. Mrs. Ann M. Holmes died September 11, 1888, leaving as her issue, living at the time of her decease, her son George W. Holmes, and grandchildren as follows: B. K. Jamison, Jr., and W. S. Jamison, children of Mrs. Harriett A. Jamison; T. Huston Craige, son of Maria Craige (née Holmes), and other grandchildren.

The auditing judge, after awarding the $2,000 to George W. Holmes, and the $5,000 to B. K. Jamison, Jr., and W. S. Jamison, so distributed the residue as to exclude the issue of Ann M. Holmes from any share therein.* To this adjudication T. Huston Craige filed exceptions alleging that the auditing judge erred in not awarding to the exceptant a distributive share of the fund for distribution.

After argument before the court in banc, an opinion was filed by FERGUSON, J., which as to this contention was as follows:

The contention in this case arose as to the meaning of the words "and the issue of any of my said children," to whom was bequeathed the residue of the said one seventh part, after the payment of $2,000 to the son of his daughter, Mrs. Holmes,

---

* A contest by other parties over this distribution is reported as White's Estate, 132 Pa. 17.

and $5,000 in trust for the daughter. It was claimed that the testator meant, not only the children whom he had particularly named, and to whom he immediately thereafter refers as "my said children," but also the issue of the children of his daughter, Mrs. Holmes, who were then deceased. That he did not so mean is, we think, evident from several considerations.

He particularly names the persons who are to participate in this residue. If he had intended to include all his children and their issue, this would not have been necessary. He could easily have included all by general words; but, having named them, we must infer that he meant only to include those who were so named. He provides for two of the children of Mrs. Holmes by name, giving to each of them a legacy, and does not mention any of the rest of her children or their issue. He must have known whether she had other children, and, if they were deceased, whether they left issue. If he had intended to include all her children or their issue, he would have used the same language as he did with reference to his other deceased daughter, Maria Neff, whose "children and grandchildren" are particularly designated as participants with his other children in this residue, after the payment of the legacies to Mrs. Holmes's son George and daughter Mrs. Jamison.

That these two were the only children of Mrs. Holmes contemplated by the testator, is rendered more certain by the ninth item of the will, whereby he disposes of "any portion of my estate which shall come to or vest in the children of my daughter, Ann M. Holmes, by way of remainder under this my will after the death of my sons, James P. and Peter A., . . . . . that the said children shall take and enjoy the same in the same proportions as the sums I have given to and for them respectively after the death of Ann M. Holmes; that is to say, two sevenths to go to and vest in George W. Holmes absolutely, and five sevenths in trust for Mrs. Jamison." In a previous part of his will he had disposed of this particular fund, in the event of the death of his son, James P., to and among his remaining seven children and the issue of any of his said children who may then be dead, leaving lawful issue; which bequest would have included all of Mrs. Holmes's children and grandchildren. He now, by this later clause of his

Opinion of the Court.

will, restricts the disposition of her share to these two of her children, thus, we think, clearly indicating an intention to exclude the grandchildren. We think, therefore, that the construction placed upon this will by the auditing judge is correct.

The exceptions are dismissed and adjudication confirmed.

—Thereupon the exceptant took this appeal, assigning the dismissal of his exceptions and the confirmation of the adjudication for error.

*Mr. Theodore F. Jenkins*, for the appellant.

Counsel cited: Horwitz v. Norris, 60 Pa. 261, 289; Bender v. Dietrick, 7 W. & S. 284, 287; Rapp v. Eberly, 79 Pa. 141; Howe's App., 126 Pa. 233; Stehman's App., 45 Pa. 398; Irwin v. Dunwoody, 17 S. & R. 61, 64; Lipman's App., 30 Pa. 180, 184; Weber's App., 17 Pa. 474, 479; Malone v. Dobbins, 23 Pa. 296; Minter's App., 40 Pa. 111; Miller v. Wilson, 3 Phila. 343; Fahrney v. Holsinger, 65 Pa. 388; Dunlap's App., 116 Pa. 500; McFarland's App., 37 Pa. 300; Wilson v. Mc-Keehan, 53 Pa. 79; Womrath v. McCormick, 51 Pa. 504.

*Mr. Edward P. Allinson*, for the appellees, was not heard.

OPINION, MR. JUSTICE MITCHELL:

The testator wrote, " and the residue, . . . . . if any, of the said one undivided seventh, . . . . - given and devised, in trust, for my said daughter Ann M. Holmes, to grant, etc., to my children J. F., P. A., A. H., R. P., M. P., and E. C., and the children and grandchildren of my deceased daughter, M. N., equally, share and share alike, as tenants in common, and not as joint tenants, and the issue of any of my *said children* who may then be dead," etc. Whom did the words " said children " include? Appellant claims as one of the issue (grandson) of Ann M. Holmes, and his counsel has argued with great ingenuity that, as Ann Holmes was a child of the testator, and is mentioned in the former part of the sentence, she must be included among the " said children " whose issue were to inherit. If she had been mentioned generally as a child, or among his other children, or in connection with his enumeration of his intended beneficiaries, the argument would be unanswerable. But the manner and connection in which she is

mentioned make such a construction impossible.   Her name appears solely as a part of the description of the fund of which he is disposing, and not at all as part of the disposition itself, or among the beneficiaries.   The residue of the fund thereinbefore left in trust for Ann is the subject matter of the devise, and he describes it accordingly as the fund "given and devised in trust for my said daughter Ann."   But, if it had been described as "the residue of the fund given and devised to the Safe Deposit Company in trust under the first part of this clause of my will," it would have expressed the testator's meaning with equal exactness, without mentioning Ann's name at all, and, of course, without any possibility of a claim that her issue were included in the subsequent enumeration of the beneficiaries.

This consideration settles the fact that in naming his daughter Ann the testator was not writing or thinking of her at all as a beneficiary, but of the fund which he identified by reference to her.   When he came to the distribution he specifically named the children whom he intended should receive it, and, when he desired to provide for the contingency of the death of any of them, his primary beneficiaries, he added the words, "issue of any of my said children who may then be dead." In the connection and manner of their use it is entirely clear that the words "said children" referred to those he had named as distributees, and did not include Ann, whose name he used merely as part of the description of the fund to be distributed.

The learned court below were clearly right in their interpretation of testator's language.

Decree affirmed.